IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Morris J. Weiner and Thelma Weiner )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Prairie Park Condominium Assoc. Inc., )<br>Advantage Management Co., Roslyn )<br>Spellman, Trustee, Pavel and Alena )<br>Basharimov, Charlotte Drolet, and Young )<br>C. Chung, Trustee and Susan S.C. Chung, )<br>Trustee. )<br>)<br>Defendants. ) | Case No. _____<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT**

Plaintiffs, Mr. Morris J. Weiner and Mrs. Thelma Weiner, by and through the undersigned counsel, file this Complaint against Defendants, Prairie Park Condominium Association, Inc., Advantage Management Co, Inc., Roslyn Spellman, Pavel and Alena Basharimov, Charlotte Drolet and Young C. Chung, Trustee and Susan S.C. Chung, Trustee and state as follows:

**GENERAL ALLEGATIONS**

**I. Background**

1. This action is brought to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "Fair Housing Act"), 42 U.S.C. §§ 3601 – 3619 and certain provisions of the Declaration of Condominium pertaining to Prairie Park Condominium in Wheeling.

1

2. Plaintiffs have been married for 68 years. Mr. Weiner is 93 years old and is a proud veteran of WWII. He was awarded a Purple Heart and a Medal of Honor. Mrs. Weiner is 86 years.

3. Mr. Weiner requires a handicap parking space because of his various medical conditions, which, among other things, limit his mobility. The Weiners have a handicap placard supporting their need/entitlement to handicap parking.

4. Upon information and belief, there were four designated handicap parking spaces provided in the garage adjoining the Weiners building when it was built. These spaces are currently assigned to persons, some or all of whom are not disabled.

5. The Declaration of Condominium ("the Declaration") provides that non-handicap owners shall relinquish/exchange handicap spaces if needed by a disabled person. Demand for compliance with this provision has been made, but not obtained.

6. As a result of the failure to enforce this provision and the applicable laws, the Weiners, other disabled residents and putative residents, have been and will continue to be deprived of the ability to fully enjoy a dwelling at Prairie Park in violation of the law.

II. **Jurisdiction and Venue**

7. This is an action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "Act"), 42 U.S.C. §§ 3601 – 3619 and certain provisions of the Declaration of Condominium and the Illinois Condominium Act.

8. This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343(3) and 42 U.S.C. §§ 3613(1) (a)

9. This court has pendent jurisdiction over Plaintiffs related state law claims pursuant to 28 USC section 1367(a).

10. Venue is proper under 28 U.S.C. § 1391(b) because the actions at issue occurred in the Northern District of Illinois, the subject property is located therein and all Defendants either reside or do business there.

**III.    The Parties**

11. Plaintiffs, Morris J. and Thelma Weiner ("the Weiners") own and live in condominium unit 405 at Prairie Park Condominium in Wheeling, Illinois. They also own parking space 82 in the garage adjoining their building.

12. The Weiners' condominium unit is a dwelling within the meaning of the Act.

13. Defendant Prairie Park Condominium Association (the "Association") is an Illinois Not-for-Profit Corporation located in Wheeling, Illinois. The Association is responsible for enforcing the Declaration and other governing documents of Prairie Park and owns/and/or manages the parking garage.

14. Defendant, Advantage Management, Inc. (the " Advantage") is an Illinois corporation and is the management company responsible for managing Prairie Park, including the parking garage.

15. At all times material hereto, Advantage was an agent of the Association with actual and apparent authority to enforce Declaration and laws governing the Association.

16. Defendant, Roslyn Spellman, Trustee ("Spellman"), owns handicap parking space 56 at Prairie Park. Sometime in July 2015 the handicap striping/markings were illegally removed from this space.

17. Spellman's condominium unit and parking space are currently listed for sale. The parking space is being deceptively marketed as a single oversized parking space when it is actually a handicap parking space.

18. Defendants, Pavel and Alena Basharimov ("Basharimovs"), husband and wife, own handicap parking space 81 at Prairie Park. Upon information and belief, the Basharimovs are not handicap, do not have a handicap license plate and are not otherwise legally entitled to handicap parking.

19. Defendant, Charlotte Drolet ("Drolet") owns parking space 81 and, upon information and belief, is not handicap, does not possess a handicap license plate and is not otherwise legally entitled to handicap parking.

20. Defendants Young C. Chung, Trustee and Susan S. C. Chung, Trustee ("Chungs") own handicap parking space 55 and, upon information and belief, do not possess a handicap license plate and are not otherwise legally entitled to park in a handicap space.

## IV. Facts

21. At the time they purchased their home and parking space, the Weiners did not need a handicap parking space.

22. Mr. Weiner's health has since declined and his various medical conditions, among other things, limit his mobility. He is disabled within the meaning of the Act and the Declaration. A copy of his handicap placard is attached hereto as Exhibit A.

23. Section 2.3(d) of the Declaration, copy attached as Exhibit B, provides, in pertinent part, as follows:

> "[i]f at any time a Handicapped Unit Owner...shall request the use of a Handicapped Parking Unit, the Handicapped Unit Owner shall notify the Board and within thirty (30) days of request, the then-current Unit Owner of the Unit which is assigned the Handicapped Parking Unit shall exchange Parking Unit with the Handicapped Unit Owner" (all terms used herein and defined The Plat designates certain Parking Units located in the indoor portion of the Parking Area as handicapped accessible parking Units (each a "Handicapped Parking Unit"). Notwithstanding the foregoing, such Handicapped Parking Units may be designated from time to time as Units which are owned by Unit Owners who are not handicapped. **If at any time a Handicapped Unit Owner (as hereinafter defined) shall request the use of a Handicapped Parking Unit, the**

4

> **Handicapped Unit Owner shall notify the Board and within thirty (30) days of request, the then-current Unit Owner of the Unit which is assigned the Handicapped Parking Unit shall exchange Parking Unit with the Handicapped Unit Owner, such that the Handicapped Unit Owner shall have the Handicapped Parking Unit as its Parking Unit and the other Unit Owner shall have the Parking Unit formerly owned by the Handicapped Unit Owner's Unit.** A deed shall be recorded concurrent with the foregoing exchange. As used herein, the term "Handicapped Unit Owner" shall mean a Unit Owner who owns a motor vehicle which has been issued handicapped license plates. (**Emphasis added**).

24. Beginning in June 2015, Mr. Weiner requested a handicap parking space at Prairie Park as an accommodation due to his mobility limitations. He was directed to contact the owners of the handicap parking spaces he wanted and request an exchange. He did so, but did the owners would not exchange.

25. Mr. Weiner thereafter, through counsel, requested assistance from the Association and Advantage with securing an exchange of parking spaces on July, 30, 2015, September 4, 2015 and November 25, 2015. Copies of these letters are attached hereto as Composite Exhibit C.

26. Neither Advantage nor the Association was able to secure a voluntary exchange of spaces as mandated by the Declaration. To date, no action has been taken by the Association or Advantage to compel compliance despite their ability and obligation to do so as set forth in Article X of the Declaration, copy attached as Exhibit D, and no other accommodation has been offered to the Weiners.

27. The Weiners have suffered daily as a result of Defendants actions herein including but not limited physical and emotional stress cause by walking the extended distance from their parking space to the elevator given Mr. Weiner's ill health and their advanced age.

28. As a direct and proximate result of the Defendants actions herein, Plaintiffs have suffered tangible and intangible damages including costs and attorney's fees.

29. Plaintiffs also seek punitive damages against the Defendant Association and Advantage as their actions evidence a reckless, intentional and flagrant disregard for the rights of Plaintiffs and a flagrant, reckless and intentional abdication of their obligations and duties under the Act, Declaration and Condominium Act.

## CLAIMS

### COUNT 1: VIOLATION OF 42 USC § 3604 (a)

30. Plaintiffs re-allege and adopt the allegations in paragraphs 1 – 29.

31. Defendants actions, including the failure and refusal to provide, exchange and or otherwise accommodate the Weiners need for handicap parking despite the clear obligation to do so constitutes intentional discrimination and violates Section of 3604 (a) of the Act in that it denies or makes housing otherwise unavailable to the Weiners because of Mr. Weiner's disability.

32. Defendants actions further constitute unlawful discrimination against Mrs. Weiner due to her association with a person with disabilities.

### COUNT 2: VIOLATION OF 42 USC § 3604 (b)

33. Plaintiffs reallege and adopt the allegations of paragraphs 1 -29.

34. Defendants actions as described herein, including the failure and refusal to provide a handicap space despite their clear obligation and ability to do so under the Act and Declaration constitute intentional discrimination and violate Section of 3604 (b) of the Act in that they impose different terms, conditions, or privileges in the provision of services or facilities in connection with a dwelling based on disability.

### COUNT 3: VIOLATION OF 42 USC 3604 (f) (1), (2) and (3) (B)

35. Plaintiffs reallege and adopt the allegations in paragraphs 1 – 29.

36. The Association and Advantages' actions as described herein, including the failure and constitute a failure to provide a reasonable accommodation and intentional discrimination in the provision of services or facilities in connection with a dwelling because of handicap.

37. The Association and Advantage have further failed to engage in the interactive process as required when addressing accommodations, offer any alternative accommodation or take any enforcement action against the non-compliant unit owners.

### COUNT 4: BREACH OF CONDOMINIUM PROPERTY ACT - 765 ILCS 605

38. Plaintiffs reallege and adopt the allegations in paragraphs 1 – 29.

39. The actions of the Association constitute a breach of its fiduciary duty and a violation of the Condominium Property Act ("the Condo Act") 765 ILCS 605 in one or more of the following ways:

    a. Failure to maintain the property in accordance with the law including allowing a reduction in the required number of handicap spaces from July 2015 – February 2015 as a result of the illegal alteration of Spellman's space;

    b. Failure to provide reasonable accommodation to a person with a disability;

    c. Failure to enforce the declaration provisions against the non-compliant owners;

    d. Failure to otherwise maintain and manage the property, including the garage, in accordance with the Declaration and law.

### COUNT 5: BREACH OF CONTRACT

40. Plaintiffs reallege and adopt the allegations in paragraphs 1 -28.

41. The Declaration and governing documents for Prairie Park constitutes a contract between the Association and its members, including the Weiners. All of the owners, including Spellman, the Basharimovs, Drolut and the Chungs.

42. The Association has breached its duty under the Declaration and governing documents by failing to take the necessary actions to enforce same including providing the needed and required accommodation for the Weiners.

43. Defendant Advantage has breached its duty under the contract by failing to enforce the parking, fine and other provisions of same and by failing to otherwise comply with applicable state and federal laws pertaining to accommodations for persons with disabilities.

44. Defendants Basharimovs, Spellman Drolet and the Chungs are charged with actual and/or constructive knowledge of their obligations as owners under the Declaration including their obligation to exchange parking spaces with a handicap owner.

45. Defendants Basharimovs, Drolet, Spellman and the Chungs have breached their duty under the Declaration by failing to exchange their handicap space with the Weiners.

46. Spellman has also breached the contract by altering her space in violation of the Declaration and Condominium Property Act and misrepresenting it to be an oversized single space.

47. As a direct and proximate result of the Defendants actions herein, Plaintiffs have suffered tangible and intangible damages including costs and attorney's fees.

**WHEREFORE**, Plaintiff, Thelma and Morris J. Weiner, respectfully request entry of a Judgment against Defendants declaring they violated the Federal Fair Housing Act; further, a Judgment finding that they violated the Condominium Property Act and Declaration of

Condominium for Prairie Park;  a Preliminary and Permanent Injunction enjoining them from further violations; ordering an exchange of parking spaces; damages, including tangible, intangible and punitive damages as appropriate; costs and attorney's fees; such other relief as the court deemed just and proper and a jury trial on all issues so triable.

        Respectfully submitted,

        __/s/ Allison K. Bethel__

        Allison K. Bethel
        Counsel for Plaintiff
        Bar No. 6211489
        The John Marshall Law School
        Fair Housing Legal Clinic
        315 S. Plymouth Court
        Chicago, Illinois  60604
        7bethel@jmls.edu
        312-786-2267 (Telephone)