# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MORRIS J. WEINER and THELMA WEINER, )
                                                                      )
      Plaintiffs,                   )
                                                                      )
      vs.                             )      Case No. 16 C 1889
                                                                     )
PRAIRIE PARK CONDOMINIUM         )
ASSOCIATION INC., ADVANTAGE     )
MANAGEMENT CO., and PAVEL        )
and ALENA BASHARIMOV,              )
                                                                     )
      Defendants.                  )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

      Morris and Thelma Weiner have sued Prairie Park Condominium Association, Advantage Management Company, and fellow condominium residents Pavel and Alena Basharimov over a dispute regarding handicap parking spaces.[1] In particular, the Weiners allege that the defendants' refusal to agree to or enforce a parking space transfer has harmed Mr. Weiner, who has limited mobility and cannot access a handicap parking space. The Weiners allege that this refusal to effectuate a parking space transfer or provide another reasonable accommodation violates the Fair Housing Act, 42 U.S.C. § 3604, and the Illinois Condominium Property Act, 765 ILCS 605. The Weiners also assert a breach of contract claim, alleging that the defendants' refusal to transfer or enforce the transfer of parking spaces violated certain provisions of the condominium declaration, Prairie Park's governing document. The entity defendants

---

[1] "Handicap parking space" is the terminology used by the parties in their filings.

and the Basharimovs have moved to dismiss the Weiners' complaint, submitting two separate motions. The Court partly grants and partly denies both motions.

## Background

The Court accepts as true all well-pleaded facts in the complaint and draws reasonable inferences in the Weiners' favor. *See, e.g.*, *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013). Morris and Thelma Weiner own a condominium unit and parking space at Prairie Park Condominium. The governing documents of the condominium include the condominium declaration, by-laws, and rules and regulations. Section 2.3 of the declaration provides:

> If at any time a Handicapped Unit Owner...shall request the use of a Handicapped Parking Unit, the Handicapped Unit Owner shall notify the Board and within thirty (30) days of request, the then-current Unit Owner of the Unit which is assigned the Handicapped Parking Unit shall exchange Parking Unit with the Handicapped Unit Owner" (all terms used herein and defined The Plat designates certain Parking Units located in the indoor portion of the Parking Area as handicapped accessible parking Units (each a "Handicapped Parking Unit"). Notwithstanding the foregoing, such Handicapped Parking Units may be designated from time to time as Units which are owned by Unit Owners who are not handicapped. If at any time a Handicapped Unit Owner (as hereinafter defined) shall request the use of a Handicapped Parking Unit, the Handicapped Unit Owner shall notify the Board and within thirty (30) days of request, the then-current Unit Owner of the Unit which is assigned the Handicapped Parking Unit shall exchange Parking Unit with the Handicapped Unit Owner, such that the Handicapped Unit Owner shall have the Handicapped Parking Unit as its Parking Unit and the other Unit Owner shall have the Parking Unit formerly owned by the Handicapped Unit Owner's Unit. A deed shall be recorded concurrent with the foregoing exchange. As used herein, the term "Handicapped Unit Owner" shall mean a Unit Owner who owns a motor vehicle which has been issued handicapped license plates.

Entity Defs.' Mot. to Dismiss, Ex. B-1 §2.3. Other terms of the declaration provide for general day-to-day governance of the condominium, including shared expenses and common elements. The declaration also includes a provision allowing residents to sue

one another for enforcement of its terms and for damages in the case of a breach.

When the Weiners purchased property at Prairie Park, Mr. Weiner was not disabled, and he did not require any accommodations. Over time, Mr. Weiner's health declined, and his mobility become limited. At some point after becoming disabled, Mr. Weiner was granted a handicap placard allowing him to park his car in handicap spaces. But Mr. Weiner's parking space at Prairie Park was not a designated handicap space. Plaintiffs allege that Mr. Weiner became unable to withstand walking from his standard parking space to the entry of the building without considerable pain and suffering.

In June 2015, Mr. Weiner requested a handicap parking space at Prairie Park. The condominium association and management directed him to confer with the owners of the four designated handicap spaces, three of whom the Weiners alleged were not actually handicapped or otherwise legally entitled to a handicap parking space. Initially, the Weiners brought suit against the owners of all four handicap parking spots, but at this stage in the ligation only one set of owners (the Basharimovs) remains.

The Weiners were unable to secure a transfer from any of the owners of the handicap parking spaces, for various reasons. They retained a lawyer and, through counsel, requested assistance from the Association and the management company. This attempt proved unsuccessful, as neither the Association nor the management company secured a voluntary exchange. To date, the Association and the management company have taken no action to enforce section 2.3 of the declaration or to provide an alternative accommodation for Mr. Weiner. These failures to accommodate Mr. Weiner's disability and to perform under the declaration's terms serve as the bases for

the Weiners' claims. The Weiners assert claims under the FHA, 42 U.S.C. § 3604(a) (count one), *id.* § 3604(b) (count two), and *id.* § 3604(f) (count three); the Illinois Condominium Property Act, 765 ILCS 605 (count four); and for breach of contract (count five).

## Discussion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Given the Basharimovs' *pro se* status, the Court construes their motion to dismiss liberally. *See, e.g.*, *Johnson v. Hulett*, 574 F.3d 428, 433 (7th Cir. 2009). As such, the Court construes their motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) rather than the Illinois procedural rule they cite.

The defendants argue that the Court should dismiss the Weiners' complaint for failure to state a claim. In particular, the Basharimovs argue that they are not liable under the charged sections of the FHA and that they cannot be sued for breach of contract because the parking space transfer provision is legally unenforceable against them. The Association and Advantage argue that part of the Weiners' requested relief—a judgment requiring them to transfer parking spaces between residents—cannot be ordered by this Court. They also argue that because Mr. Weiner never requested an accommodation beyond the occupied handicap spaces (an accommodation that the entities say were unable to grant), they have fulfilled their obligations under the FHA.

4

**I.      FHA Sections 3604(a) and 3604(b)**

In counts one and two, the Weiners sue all of the defendants for violations of 42 U.S.C. § 3604(a) & (b), which state that it is unlawful:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604(a), (b). The Basharimovs and the entity defendants argue that the Court should dismiss counts one and two because the provisions cited are inapplicable to the facts at hand. The Court agrees. A plain reading of the statute reveals that sections 3604(a) and 3604(b) provide no remedy for disability discrimination.[2] And the Weiners have not alleged that they fall within any of the protected categories of persons that these provisions *do* protect from discrimination.

Further, these provisions generally do not protect current residents from discrimination. *See Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327, 329 (7th Cir. 2004) (holding that the cited sections of the FHA apply only to discrimination during the attempt to *acquire* property or, perhaps, constructive eviction once property has been acquired); *but see Bloch v. Frischholz*, 587 F.3d 771 (7th Cir. 2009) (holding that 3604(b) prohibits condominium associations from discriminating against owners through its enforcement of a rule if a condition of the initial purchase allowed for the rule and it restricts a buyer's rights in the future). Although there are

---

[2] Section 3604(f), by contrast, does protect against discrimination based on handicap. Count three of the Weiners' complaint is a claim under section 3604(f).

5

some situations in which post-acquisition discrimination claims to proceed under section 3604(b), *see Bloch*, 587 F.3d at 780 (allowing post-acquisition plaintiffs to move forward under section 3604(b) because they were being discriminated against in the exercise of rights that flowed from the purchase of their unit), the Weiners still do not allege discrimination involving any of the categories of persons protected by section 3604(a) or (b).

Finally, the Weiners' allegations do not support a claim that the Basharimovs' refusal to transfer the rights to their parking space affects any purchase, sale, or rental of the Weiners' dwelling, as would be required for a claim under section 3604(a). In addition, the FHA is typically unavailable to a plaintiff for suit against another private property owner. "Plaintiffs generally cannot sue under [section] 3604 for isolated acts of discrimination by other private property owners. Neither the FHA's text nor its legislative history indicates an intent to make 'quarrels between neighbors' a routine basis for federal litigation." *Bloch*, 587 F.3d at 780 (quoting *Halprin*, 388 F.3d at 329). In part, this distinction between neighbor conduct and institutional or lessor conduct exists because section 3604(b) only prohibits discrimination that is linked to the terms, conditions, or privileges that accompany or are related to the purchase, sale, or rental of property. In *Halprin*, the conduct of the defendants did not fall under any of those categories. The same is true here, at least based on the complaint's allegations in their current form. Therefore even if the Weiners were to allege that they are within a category of persons protected by section 3604(a) and (b), their FHA claims against the Basharimovs would be deficient.

The Weiners attempt to add claims in their response to the motion to dismiss, by

arguing that the Basharimovs have interfered with Mr. Weiner's ability to secure a reasonable accommodation. They allude to the potential for liability under section 3617 (the interference section of the FHA). But they have not sued under that section, at least not yet. As a result, that argument is not an appropriate response to defendants' motions to dismiss. The Court leaves for another day whether an amended complaint by the Weiners asserting a claim under section 3617 would pass muster.

## II. FHA Section 3604(f)

In count three of the Weiners' complaint, they sue the entity defendants under FHA section 3604(f)(1) and (2), which (in relevant part) make it unlawful:

> [t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter . . . [or] to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person[.]

Section 3604(f)(3) goes on to define discrimination as "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises . . . ." 42 U.S.C. § 3604(f)(3). The FHA's definition of discrimination also covers "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B). Although subsection (f)(1) refers to the buyers or renters of property, which would not include the Weiners, subsection (f)(2) prohibits certain types of discrimination against "any person." Mr. Weiner fits within the purview of this provision of the FHA. He alleges, in substance, that he lacks equal access to facilities

in connection with his dwelling, because he cannot move freely from his unit to his parking space. And, taking his factual allegations as true, the entity defendants have refused to make the necessary reasonable accommodations that would allow Mr. Weiner to enjoy equal access.

The entity defendants have moved to dismiss the Weiners' FHA claim based on their contention that Mr. Weiner failed to affirmatively request an accommodation beyond the parking space transfer. First, the Court notes that although Mr. Weiner's request for relief focuses on the transfer, the body of his complaint references his amenability to alternative accommodations. *See* Am. Compl. ¶37. Taking the Weiners' factual allegations as true, they tend to show that the entity defendants were aware that Mr. Weiner had limited mobility and that he required and requested a parking space close to the building. This would be sufficient to trigger a duty on the part of the entity defendants to make a reasonable accommodation. In a similar case, the Seventh Circuit held just this:

> Petitioners were aware that Rusinov had MS, Rusinov's MS qualified as a handicap, Rusinov informed Petitioners that he required a parking space close to his building because of his handicap, and Rusinov requested an assigned parking space as a reasonable accommodation. At that point, Petitioners had a duty to make a reasonable accommodation. They did not make a reasonable accommodation, so they violated the FHA.

*Jankowski Lee & Assocs. v. Cisneros*, 91 F.3d 891, 895 (7th Cir. 1996).

In another case with facts strikingly similar to this one, another judge in this district held that a condominium must move beyond its existing handicap parking spaces if such spaces are unavailable for use by a handicapped resident. *Jafri v. Chandler LLC*, 970 F. Supp. 2d 852, 859-61 (N.D. Ill. 2013) (Feinerman, J.). In other words, condominium owners are required to take additional action to ensure that

8

handicapped residents who require a handicap parking space or other reasonable accommodation are, in fact, accommodated. This conclusion is not contrary to the law as the Court sees it or as explained in the Department of Housing and Urban Development's guidelines for accessibility under the FHA. *See* 56 Fed. Reg. 9472, 9486 (Mar. 6, 1991) (describing a potential approach for ensuring the availability of handicap parking for those who need it). Based on a fair reading of the statute and relevant case law, the Court determines that count three states a clam against the entity defendants and therefore denies their motion to dismiss that claim.

### III. Breach of contract

All defendants have moved to dismiss count five, plaintiffs' claim for breach of contract. The Basharimovs argue that the "obligation to exchange" provision of the declaration is legally unenforceable. More specifically, they argue that they cannot be obligated to exchange their parking space because they own it in the same way that they own their condominium. The entity defendants contend that the declaration requires them only to facilitate negotiations for property transfers and that it does not grant them the authority to transfer property or compel someone else to do so.

The entity defendants argue that they cannot mandate the transfer of parking spaces because "the rule that a person cannot transfer real property that he does not own is a fundamental tenet of real property law." Entity Defs.' Mot. to Dismiss at 6 (citing *G.S. Lyon & Sons Lumber & Mfg. Co. v. Dept. of Revenue*, 23 Ill. 2d 180, 190 (1961)). The difference here is that the condominium declaration, to which all owners are subject, requires transfer of a parking space under appropriate circumstances. And even if the Board may not be able to effectuate a parking space transfer on its own, it

9

has the authority under section 10.2 of the declaration to take action against the breaching owners in order to enforce the declaration's terms. The Court therefore concludes that the Weiners have stated a viable breach of contract claim arising from the Board's failure to take action to enforce the terms of the declaration.

In addition, section 10.3 of the condominium declaration provides unit owners with the ability to sue for enforcement of the declaration's terms. It reads:

> Any aggrieved Unit Owner may enforce the provisions of this Declaration, the By-Laws or the rules and regulations promulgated by the Board by an action at law or in equity against the defaulting Unit Owner (or Occupant of his or her Unit Ownership) upon a violation or breach . . . either to restrain such violation or breach or to recover damages.

Entity Defs.' Mot. to Dismiss, Ex. B-1 § 10.3. The Basharimovs argue that section 2.3, the provision that requires a unit owner to transfer a handicap parking space under certain circumstances, is legally unenforceable against them. But the Basharimovs, like all other owners of units at the Prairie Park complex, purchased their units subject to the terms and conditions of the condominium declaration. They have provided no legal authority to support their contention that the declaration's terms cannot be enforced against them. The Court therefore likewise declines to dismiss the breach of contract claim as against the Basharimovs.

## Conclusion

For the foregoing reasons, the Court dismisses counts one and two of plaintiffs' amended complaint, with leave to amend, but otherwise denies defendants' motions to dismiss [dkt. nos. 23, 28]. Defendant Roslyn Spellman's motion for summary judgment is terminated because plaintiffs have voluntarily dismissed their claims against her [dkt. no. 33]. Plaintiffs are given until July 7, 2016 to file an amended complaint. The status

hearing and ruling date of July 7, 2016 is vacated. All parties are directed to serve disclosures under Federal Rule of Civil Procedure 26(a)(1) by no later than July 21, 2016. A status hearing is set for August 11, 2016 at 9:30 a.m. for the purpose of setting a discovery schedule and discussing the possibility of settlement.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 23, 2016